# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| BRUCE HOWARD, )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>ALAN FINNAN, DAN FOUNTAIN, )<br>ALBERTA POTTER, WAYN SCAIFE, )<br>EVELYN HICKS, )<br>)<br>Defendants. ) | No. 1:11-cv-00362-TWP-TAB |

## Entry Discussing Motion for Summary Judgment

Bruce Howard ("Mr. Howard") brings this action pursuant to 42 U.S.C. § 1983. Defendants Alan Finnan, Dan Fountain, Alberta Potter, Wayn Scaife and Evelyn Hicks (collectively, "the Defendants") move for summary judgment arguing that Mr. Howard failed to exhaust available administrative remedies with respect to his claims. Mr. Howard opposes the motion for summary judgment.

## Summary Judgment Standard

A motion for summary judgment must be granted Aif the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* If no reasonable jury could find for the non-moving party, then there is no Agenuine@ dispute. *Scott v. Harris,* 127 S. Ct. 1769, 1776 (2007).

After the movant has met his burden under Rule 56(a), the burden of production shifts and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electronic Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). The nonmoving party bears the burden of demonstrating that such a genuine issue of material fact exists. *See Harney v. Speedway SuperAmerica, LLC,* 526 F.3d 1099, 1104 (7th Cir. 2008) (citing cases). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record . . . or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed.R.Civ.P. 56(c)(1)(A) and (B).

## Facts

The following statement of facts was evaluated pursuant to the standards set forth above. That is, this statement of facts is not necessarily objectively true, but as the summary judgment standard requires, the undisputed facts and the disputed evidence are presented in the light reasonably most favorable to Mr. Howard as the non-moving party with respect to the motion for summary judgment. *See Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 150 (2000).

Mr. Howard is an inmate at an Indiana Department of Correction facility. He alleges in his complaint that his legal mail was improperly handled and opened and that he was denied state pay. The Department of Correction has a grievance policy governing complaints such as these. The policy includes three steps: an informal

complaint, a formal written grievance, and an appeal. Mr. Howard submitted only one grievance in the timeframe related to the incidents at issue. The one grievance complained about state pay, and it was never appealed.

## Discussion

Before the merits of Mr. Howard's claims can be addressed, the court is required to address the affirmative defense that Mr. Howard failed to exhaust his available administrative remedies prior to filing this action. *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008); *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 536 (7th Cir. 1999) ("The statute [requiring administrative exhaustion] can function properly only if the judge resolves disputes about its application before turning to any other issue in the suit.").

The law applicable to the affirmative defense is this: The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). The PLRA's exhaustion requirement applies to "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004)

("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'")(*quoting Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002)).

Here, there was a grievance policy in place governing Mr. Howard's claims. There is no evidence that Mr. Howard properly exhausted the grievance policy with respect to these claims. While Mr. Howard asserts, without evidentiary support, that he was told that his issue was not a grievance issue, the grievance policy did govern his claims. There is also no evidence that Mr. Howard attempted to file a grievance or an appeal on these issues and was thwarted in doing so. The designated evidence before the court is that Mr. Howard failed to exhaust the administrative remedies that were available to him. The consequence, in light of 42 U.S.C. § 1997e(a), is that Mr. Howard's claims should not have been brought and must now be dismissed without prejudice. *See Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004)("We therefore hold that *all* dismissals under § 1997e(a) should be without prejudice."); *Pozo v. McCaughtry,* 286 F.3d 1022, 1024 (7th Cir. 2002) (explaining that "a prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies, and thus is foreclosed by § 1997e(a) from litigating").

## Conclusion

The defendants' motion for summary judgment [Dkt. 33] is **granted**. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 11/19/2012

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Bruce Howard
935135
Branchville Correctional Facility
21390 Old State Road 37
Branchville, IN 47514

All electronically registered counsel