# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| BRUCE HOWARD, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | No. 1:11-cv-00362-TWP-TAB |
| ) | |
| ALAN FINNAN, DAN FOUNTAIN, ) | |
| ALBERTA POTTER, WAYN SCAIFE, ) | |
| EVELYN HICKS, ) | |
| ) | |
| Defendants. ) | |

## Entry Concerning Selected Matters

The court, having considered the above action and the matters which are pending, makes the following rulings:

1. The clerk shall **re-docket** the Declaration for Entry of Default Appeal [Dkt. 48] as a Notice of Appeal from the Judgment entered on the clerk's docket on November 19, 2012, and shall process the notice of appeal accordingly.

2. The Declaration for Entry of Default Appeal [Dkt. 48] also seeks relief from the final judgment. In this regard, and in light of its timing and content, the Declaration for Entry of Default Appeal is also treated as a motion to alter or amend judgment pursuant to Rule 59 of the *Federal Rules of Civil Procedure. See Borrero v. City of Chicago,* 456 F.3d 698, 701-02 (7th Cir. 2006) (explaining that whether a motion filed within 10 days of the entry of judgment should be analyzed under Rule 59(e) or Rule 60(b) of the *Federal Rules of Civil Procedure* depends on the *substance* of the motion, not on the timing or label affixed to it).

a. The purpose of a motion to alter or amend judgment under Rule 59(e) is to have the court reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst and Whinney,* 489 U.S. 169, 174 (1988). Rule 59(e) "authorizes relief when a moving party 'clearly establish[es] either a manifest error of law or fact' or 'present[s] newly discovered evidence.'" *Souter v. International Union*, 993 F.2d 595, 599 (7th Cir. 1993) (quoting *Federal Deposit Ins. Corp. v. Meyer,* 781 F.2d 1260, 1268 (7th Cir. 1986)).

b. There was no error of law or of understanding Howard's claim or the evidentiary record. And, Mr. Howard has offered no new evidence. Accordingly, Mr. Howard's motion to reconsider, treated as a motion to alter or amend judgment [Dkt. 48], is **denied**. *Harrington v. City of Chicago,* 433 F.3d 542, 546 (7th Cir. 2006)(AAltering or amending a judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or fact.@)(citing *Bordelon v. Chicago Sch. Reform Bd. of Trs.,* 233 F.3d 524, 529 (7th Cir. 2000)).

3. This action was dismissed on November 19, 2012. The dismissal ended the case and left nothing to be done. *Price v. Wyeth Holdings Corp.,* 505 F.3d 624, 629 (7th Cir. 2007)("[A] 'cause' (that is, lawsuit) cannot continue to exist once every 'cause of action' within it has been dismissed."). Accordingly, the plaintiff's motion for summary judgment [Dkt. 47] is therefore **denied.**

4. The plaintiff seeks leave to proceed on appeal without prepayment of the appellate fees of $455.00.

a. An appeal may not be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915; *see Coppedge v. United States,* 369 U.S. 438 (1962). "Good faith" within the meaning of § 1915 must be judged by an objective, not a subjective, standard. *See id.*

b. There is no objectively reasonable argument the plaintiff could present to argue that the disposition of this action was erroneous. In pursuing an appeal, therefore, the plaintiff "is acting in bad faith . . . [because] to sue in bad faith means merely to sue on the basis of a frivolous claim, which is to say a claim that no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026 (7th Cir. 2000).

c. Because, Mr. Howards' appeal is not taken in good faith, and for this reason his request for leave to proceed on appeal *in forma pauperis* [Dkt. 52] is **denied.**

5. The plaintiff's motion for appointment of counsel [Dkt. 51] is **denied as untimely.** To the extent plaintiff seeks the appointment of counsel on appeal, his motion is **denied** as having been filed in the wrong court.

**Conclusion**

For the reasons stated above, Mr. Howard's Motion for Summary Judgment [Dkt. 47], Motion for Declaration of Entry of Default Appeal (treated as a Rule 59 motion)[Dkt. 48], Motion to Appoint Counsel [Dkt. 51] and Motion for Leave to Proceed in *forma pauperis* [Dkt. 52] are **DENIED.**

**IT IS SO ORDERED.**

Date: 01/31/2013

                                                                                        _____
                                                                                        Hon. Tanya Walton Pratt, Judge
                                                                                        United States District Court
                                                                                        Southern District of Indiana

Distribution:

Bruce Howard
935135
Branchville Correctional Facility
21390 Old State Road 37
Branchville, IN 47514

Electronically Registered Counsel